UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natalia Karnatcheva, Kevin R. Gurule,
and Kyle D. Kuss,

    Plaintiffs,

v.
                                                  **MEMORANDUM OPINION
AND ORDER**
Civil No. 11-3452

JPMorgan Chase Bank, N.A.,
Chase Home Finance LLC, Mortgage
Electronic Registration Systems, Inc.,
Federal National Mortgage Association,
MERSCORP, Inc. and Usset,
Weingarden and Liebo, P.L.L.P.,

    Defendants.

_____

    William B. Butler, Butler Liberty Law, LLC, Counsel for Plaintiffs.

    Bryant D. Tchida, Peter J. Schwingler and Benjamin P. Freedland, Leonard Street and Deinard, a Professional Association, Counsel for Defendants JPMorgan Chase Bank, N.A., Chase Home Finance LLC, Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association, and MERSCORP, Inc. ("Bank Defendants")

    Gerald G. Workinger, Jr., Usset, Weingarden & Liebo, P.L.L.P., Counsel for Defendant Usset, Weingarden & Liebo, P.L.L.P.

_____

    This matter is before the Court on Plaintiffs' Motion to Remand and Defendants' Motions to Dismiss.

1

**Background**

This case involves a number of Plaintiffs whose homes have been foreclosed and who are challenging the foreclosure proceedings. Plaintiffs filed this action in state court in November 2011, and Defendants removed to this Court on November 28, 2011, asserting diversity jurisdiction and Federal question jurisdiction.

Plaintiffs moved to remand the action to state court on February 10, 2012. Subsequently, the Defendants agreed to allow Plaintiffs to amend their complaint. Based on the parties' stipulation, the Magistrate Judge allowed Plaintiffs to file an Amended Complaint on February 24, 2012. [Doc. No. 20].

**Motion to Remand**

    A.    **Standard**

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983) (citing Steel Valley Auth. v.

Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Whether removal is deemed proper will be determined based on the record as it stands at the time of removal. See Hartridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969).

B. **Prior Exclusive Jurisdiction Doctrine**

Plaintiffs argue that this Court does not have subject matter jurisdiction pursuant to the "prior exclusive jurisdiction" doctrine. This doctrine provides that "[w]here one court has acquired jurisdiction over property, a second court may not exercise in rem or quasi in rem jurisdiction over the same property." In the Matter of the Trust Created by Lois W. Hill, 728 F. Supp. 564, 566 (D. Minn. 1990) (citing Penn Gen. Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 (1935); Farmers' Loan & Trust Co. v. Lake St. Elevated R.R., 177 U.S. 51, 61 (1900)). "The doctrine is necessary to avoid unseemly and unmanageable conflicts between courts of concurrent jurisdiction." Id. This doctrine is triggered where parallel proceedings involving the same property are pending in state and federal court, or when one court has continuing jurisdiction over property. Id. at 567.

In this case, the state court obtained jurisdiction over Plaintiffs' claims when the action was filed in state court, but once the action was removed to federal court, the state no longer had jurisdiction over any part of this action, including the Plaintiffs' property. See Hill, 728 F. Supp. at 566. After the case had been removed, an eviction proceeding was commenced against Plaintiff Karnatcheva. (Decl. Benjamin Freedland ¶¶ 2-3, Ex. A (Eviction Complaint filed in Hennepin County by Fannie May dated December 6, 2011).) On January 30, 2012, the Housing Court granted Defendant's motion to stay pending the disposition of this action. (Id. Ex. B.) Because the eviction action commenced after this action was filed and removed to federal court, it is not a basis for prior exclusive jurisdiction in the state courts.

Plaintiffs assert that the Hill decision supports application of the prior exclusive jurisdiction doctrine in this case. Hill involved trusts, over which the state courts often have continuing jurisdiction. Hill, 728 F. Supp. at 567. This case does not involve a trust, nor do Plaintiffs claim that their properties were subject to any state court supervision at the time this action was filed. Id.

The Court now joins other courts in this District and elsewhere that have rejected application of the prior exclusive jurisdiction in cases similar to this, in

support of remand to state court. See, e.g., <u>Cartier et al. v. Wells Fargo Bank, N.A. et al.</u>, Civil No. 11-2168 (JRT/AJB) (Doc. No. 38) (D. Minn. Feb. 22, 2012) (Report and Recommendation); <u>Welk et al. v. GMAC Mortgage, LLC et al.</u>, __ F. Supp. 2d ___, 2012 WL 1035433 at *15 (D. Minn. Mar. 29, 2012); <u>Dunbar et al. v. Wells Fargo Bank, N.A. et al.</u>, Civil No. 11-3683 (DSD/FLN), 2012 WL 1231843 (D. Minn. Apr. 12, 2012). See also <u>Gogert v. Regional Trustee Serv. Inc.</u>, No. C11-1578, 2012 WL 289205, at *2 (W.D. Wash. Jan. 31, 2012); <u>Cotera v. BAC Home Loans Serv. LP</u>, No. 3:11-1203, 2011 WL 6013834, at *2 (D. Or. Nov. 3, 2011); <u>Karl v. Quality Loan Serv. Corp.</u>, 759 F. Supp. 2d 1240 (D. Nev. 2010).

### C. Fraudulent Joinder

Plaintiffs argue that remand is warranted because there is not complete diversity amongst the parties, as Defendant Usset, Weingarden and Liebo, P.L.L.P. ("Usset") is a Minnesota resident. In response, Defendants argue that Usset has been fraudulently joined in order to destroy diversity.

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant." <u>Wiles v. Capitol Indem. Corp.</u>, 280 F.3d 868, 870 (8th Cir. 2001). "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for

5

predicting that the state law might impose liability based upon the facts involved.'" Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir. 2010) (quoting Filla v. Norfold S. RR Co., 336 F.3d 806, 811 (8th Cir. 2003)). On the other hand, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Knudson v. Sys. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (citations omitted). "The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident, not on the artfulness of the pleadings." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007).

In considering whether a non-diverse defendant has been fraudulently joined, the Court can examine material beyond the complaint's allegations to "determine if there is any factual support" for the claims against the allegedly fraudulently joined defendant. Block v. Toyota Motor Corp., 665 F.3d 944, 948 (8th Cir. 2011).

In the Complaint[1], Plaintiffs assert claims of slander of title, conversion, civil conspiracy, negligent misrepresentation, fraud and equitable estoppel against Usset. These claims are premised on the allegations that Defendants did not have legal title to the Original Notes and Mortgages, and that they therefore did not have the right to proceed with foreclosure. (Comp. ¶¶ 66, 70, 79, 100, 101, 106-08, 111-12.)

An "attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship." McDonald v. Stewart, 289 Minn. 25, 182 N.W.2d 437, 440 (1970). Further, attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation. L & H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989).

The claims against Usset arise through Usset's representation of certain Defendants in the foreclosure proceedings involving the Karnatcheva and Kuss properties. In addition, as will be discussed below, Plaintiffs fail to allege an

---

[1] In determining the propriety of removal, the Court must review the pleadings at the time of removal. Accordingly, in determining whether Usset was fraudulently joined, the Court will refer to the allegations in the original complaint. See Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1248 (8th Cir. 2006) (citing Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 167-68 (8th Cir. 1996)).

actionable misrepresentation made by an attorney involved in the foreclosure proceedings. Accordingly, the Court finds that Usset was fraudulently joined as Plaintiffs have not asserted a "colorable" claim under state law against Usset. See, Welk, 2012 WL 1035433 at *15 (finding law firm was fraudulently joined because claims against it were frivolous); Jerde v. JPMorgan Chase Bank, N.A., No. 11-2666, 2012 WL 206271 at *2 (D. Minn. Jan. 24, 2012) (finding that law firms are generally immune from actions taken with the scope of their representation absent evidence the law firm took active steps to conceal a fraud, and that Plaintiffs had failed to state a claim against the law firm based on allegations that mortgagee failed to hold an interest in the promissory note); Murphy v. Aurora Loan Servs., LLC, No. 11-2750, 2012 WL 104543, at *4 (D. Minn. Jan. 12, 2012) (finding law firm was fraudulently joined as it was immune from suit and because claims were premised on a flawed legal theory); Dunbar, 2012 WL 1231843, at *3 (same).

Plaintiffs' motion to remand must be denied as this Court has subject matter jurisdiction over this action based on complete diversity of the parties. 28 U.S.C. § 1332(a).

**Motion to Dismiss**

    A.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

Typically in analyzing whether a party has sufficiently stated a claim for relief, the Court reviews only the pleadings. However, the Court may review materials that are part of the public record and matters necessarily embraced by the pleadings and exhibits attached to the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); Enervations, Inc. v. Minn. Mining and Mfg., Co., 380 F.3d 1066, 1069 (8th Cir. 2004).

### B.      Pleadings

In the Amended Complaint, Plaintiffs allege that Defendants JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, Mortgage Electronic Registration System, Inc. ("MERS"), MERSCORP and Federal National Mortgage Association (collectively the "Bank Defendants") have asserted invalid and voidable mortgages against their homes. (Am. Comp. ¶ 12)   Each Plaintiff executed promissory notes and/or mortgages in favor of an entity different from the Bank Defendants, and the original lender transferred, sold or assigned the note to a separate entity, and the notes and mortgages were transferred, sold or assigned into a trust underlying a mortgaged-backed security. (Id. ¶¶ 13-15.) The trusts are governed by agreements that provide for the ownership and servicing of the mortgage and notes, and by operation of these agreements, the notes and mortgages were transferred, sold or assigned into the corpus of the trust. (Id. ¶¶ 16-17.)  The trusts requires the endorsement of the note to the trust and requires the assignment of the mortgage to the trust. (Id. ¶¶ 18-19.)

Plaintiffs allege that upon information and belief, the assignments have not been executed and have not been recorded as required by law, and as a result, the chain of title has been broken and Defendants have no right, title or interest in

10

Plaintiffs' homes.  (Id. ¶¶ 20- 21.)

Plaintiffs also allege that their notes and mortgages reserve all right to payment and other remedies to the lender or anyone who takes the note by transfer, and that the Bank Defendants are not the lenders or transferees and that they therefore do "not possess and [are] not entitled to enforce Plaintiff[s'] Original Note through acceleration and a foreclosure sale.  Because Defendant[s] ha[ve] no right, title or interest in Plaintiff[s'] Original Note, Defendant[s] cannot exercise rights in the security instrument securing payments on the Original Note." (Id. ¶¶ 23, 26-29.)

Based on these allegations, Plaintiffs assert the following claims against the Bank Defendants: Quiet Title (Count I), Slander of Title (Count IV), Declaratory Judgment to determine if Defendants have any true interest in or right to foreclose on Plaintiffs' properties (Count II), and Declaratory Judgment to determine who can accelerate the Original Notes and balances, whether acceleration was made in accordance with the Original Notes and Mortgages by the correct party, and if not accelerated correctly, the effect this had on the validity of the foreclosures (Count III).

Under Minnesota law, "a party can hold legal title to the security

instrument without holding an interest in the promissory note." Jackson v. Mortgage Electronic Reg. Sys., Inc., 770 N.W.2d 487, 500 (Minn. 2009). As a result, "a mortgagee of record does not lose legal title when the mortgagee transfers interests in the promissory note." Id. "In other words, the right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage." Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011).

In Count I, Plaintiffs allege that the Bank Defendants' mortgage liens are invalid because: the mortgages are not perfected; Bank Defendants are not note holders as defined in the Original Note; Bank Defendants are not entitled to receive payments on the notes; the Notices of Pendency, Powers of Attorney and Assignments of Mortgages were not executed by an authorized individual; and the assignments of the mortgages are invalid. (Am. Comp. ¶ 37.)

To the extent that Plaintiffs argue the mortgage liens are invalid because the Bank Defendants did not hold the note, otherwise referred to as "show me the note", such claim has no merit. See Jackson, 770 N.W.2d at 500; Stein, 662 F.3d at 980; Welk, 2012 WL 1035433 at *3-7; Murphy 2012 WL 104543 at *2-3; Dunbar, 2012 WL 1231843, at *6.

Plaintiffs argue that they have properly asserted a quiet title claim, because under Minnesota law, they need only assert possession by the plaintiff and a claim adverse to the plaintiff by the Bank Defendants.  Further, Plaintiffs argue they are not asserting a "show me the note" claim, rather they argue the mortgages encumbering their properties are invalid because the chain of title to the mortgages is broken and that as a result, the foreclosures on their homes are invalid.  Although not included in the Amended Complaint, Plaintiffs now allege that all assignments of the mortgage must be recorded to satisfy the prerequisites to foreclosure by advertisement.  Plaintiffs further argue that under Minnesota law, mortgage assignments must be valid before the mortgagee can proceed to foreclosure by advertisement, citing to Geweke v. U.S. Bank et al., No. 09-1890, 2011 WL 4538088 (D. Minn. Sep. 29, 2011).

The Court finds that Plaintiffs' reliance on Geweke is misplaced.  In Geweke, the court held that plaintiffs had properly asserted a violation of Minnesota's foreclosure statute by alleging that "no foreclosure by advertisement may be commenced without first recording the mortgage."  Id. at *3.  The court further determined that plaintiffs had provided a sufficient factual basis for such a claim.  Id., at *4.  Here, Plaintiffs have not provided a factual basis to support

the claim that the mortgage was not properly recorded. See Dunbar, 2012 WL 1231843, at *6-7 (rejecting a similar claim because the plaintiffs failed to allege a factual basis).

The remaining allegations concerning invalidity of the mortgage lien - such as the mortgage is not perfected, the Bank Defendants are not entitled to receive payments on the notes, assignments were not executed by an authorized person and the assignments of mortgages were invalid - are conclusory and not supported by a factual basis. Accordingly, the claims fail under Rule 12(b)(6). See Iverson et al. v. Wells Fargo Bank, N.A. et al., No. 11-2225, 2012 WL 611196 at *5 (D. Minn. Feb. 6, 2012) (no factual basis to support contentions that mortgage liens were invalid); Welk, 2012 1035433 at *8; Dunbar, 2012 WL 1231843 at *5-6.

Not only have Plaintiffs failed to provide a factual basis to support their claims, the record demonstrates that Plaintiffs assertions are plainly false. The record includes the underlying documents concerning the foreclosure of Plaintiff Kevin Gurule's property (Freedland Aff. Exs. A-D), and the Karnatcheva and Kuss properties. (Leibo Aff. Exs. A-M.) A review of these documents reveals no improprieties in the above foreclosure proceedings.

### 2. Declaratory Counts

In Count II, Plaintiffs assert that the notes and mortgages to their properties were transferred, assigned and sold into a trust, and that the trusts are governed by certain agreements, referred to as Pooling and Servicing Agreements ("PSAs"). Plaintiffs allege that the terms of the PSAs have a material effect on Plaintiffs' rights and obligations under the terms of the Original Notes and Mortgages, that the PSAs govern what parties have rights or interest in the Original Notes and Mortgages and whether the Bank Defendants may lawfully foreclose upon each Plaintiffs' properties. (Am. Comp. ¶¶ 42-44.) Plaintiffs allege that the PSAs provide that parties other than the Bank Defendants have legal title to the Original Notes and Mortgages. (Id. ¶ 45.)

Again, the Court finds that Plaintiffs have not put forth a factual basis to support the allegations that the Bank Defendants violated provisions of the PSAs. Further, Plaintiffs have no standing to assert any breaches of the PSAs, as they are not parties or third-party beneficiaries to such agreements. See Greene v. Home Loan Serv.s, Inc., No. 09-719, 2010 WL 3749243 at *4 (D. Minn. Sep. 21, 2010) ("Even assuming this matter was adequately pleaded, which it was not, Plaintiffs are not a party to the Pooling and Servicing Agreement and therefore

have no standing to challenge any purported breach of the rights and obligations of that agreement."); Anderson v. Countrywide Home Loans, No. 10-2685, 2011 WL 1627945, at *4 (D. Minn. Apr. 18, 2011)(Report and Recommendation)(same).

In Count III, Plaintiffs seek declarations under Minn. Stat. § 555.02 as to the rights and obligations arising under the Original Notes and Mortgages concerning who can accelerate balances under such note and whether acceleration was made in accordance with the Original Note and Mortgage. (Id. ¶ 52.) Again, Plaintiffs have put forth no factual allegations supporting a claim that the wrong party accelerated their balances under their respective Notes. Without providing factual support, the allegations are conclusory and insufficient to state a claim for relief. Accordingly, the claims for declaratory relief must be dismissed.

### 3. Slander of Title

Finally, in Count IV, Plaintiffs assert that Defendants publicly recorded mortgage deeds in the name of a nominee that did not have legal title to either the Original Notes or the Mortgages. (Id. ¶ 54.) Plaintiffs further allege that Usset maliciously published Notices for Foreclosure, Notices of Pendency and Sheriff's Sale Certificates regarding the Plaintiffs' properties, purporting that the

Bank Defendants were holders in due course of the notes and falsely indicating that the Bank Defendants are entitled to enforce the Mortgages and foreclose on Plaintiffs' homes. (Id. ¶ 55.) As a result of such publications, Plaintiffs assert they have suffered special damages. (Id. ¶ 58.)

>To prove a claim of slander of title, Plaintiffs must prove the following:
>
>(1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others;
>(3) That the false statement was published maliciously; and
>(4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000).

To the extent this claim is based on the assertion that the Bank Defendants could not foreclose on Plaintiffs' homes because they were not the holders in due course of the notes, such claim is without merit. See, Jackson, 770 N.W.2d at 500 ("[A] party can hold legal title to the security instrument without holding an interest in the promissory note.")

To the extent this claim is based on the assertion that all assignments of a mortgage must be recorded before proceeding with foreclosure by advertisement (Pl. Brief (Doc. No. 33) at 8), such claim is also without merit. In fact, as demonstrated by the mortgage documents, assignment of mortgage documents

and foreclosure documents submitted to the Court, it appears all assignment of mortgages were properly recorded. (Freedland Aff. Exs. A-D; Liebo Aff. Exs. A-M.)

Finally, as Plaintiffs have failed to assert that Usset made an affirmative misrepresentation involving the foreclosure proceedings, Usset is immune from liability for actions it took with respect to the foreclosure proceedings. McDonald, 182 N.W.2d at 440.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand [Doc. No. 12] is DENIED;

2. Defendants' Motion to Dismiss [Doc. No. 23] is GRANTED in its entirety. This action is DISMISSED WITH PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   May 10, 2012

                                          s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court